DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Gerald Elam has appealed a judgment from the Lorain County Common Pleas Court that denied his petition for postconviction relief. This Court affirms.
 I.
On May 1, 1996, Defendant was indicted by the Lorain County Grand Jury for one count of complicity to aggravated trafficking of drugs and one count of permitting drug abuse. On September 30, 1997, Defendant entered a plea of guilty to both counts. The trial court sentenced Defendant accordingly. On August 14, 2000, Defendant filed a petition for postconviction relief in the trial court, which the trial court ultimately denied. Defendant has timely appealed, asserting one assignment of error.
 II. Assignment of Error Under R.C. 2952.21, it is the mandatory duty of the trial court to make findings of fact and conclusions of law when a petitioner raises an issue cognizable under the Post-Conviction Remedy Act ?.(sic)[.]
 In his sole assignment of error, Defendant has argued that the trial court erred when it failed to make the appropriate findings and dismissed his petition as untimely. This Court disagrees.
R.C. 2953.21(A)(2) governs the procedure for filing a petition for postconviction relief:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 The record reveals that Defendant was convicted and sentenced during 1997. Defendant did not file a direct appeal to challenge his conviction or sentence. Instead, he filed a petition for postconviction relief almost three years later on, August 14, 2000, outside the time period. As a result, his petition was not timely. A review of Defendant's petition also indicates that he did not meet either of the criteria of R.C. 2953.23(A). Defendant (1) neither showed that he was unavoidably prevented from discovering the facts upon which he relied in his second petition, nor showed that any rulings by the United States Supreme Court subsequent to his first petition recognized a new federal or state right that applied to him; and (2) failed to show by clear and convincing evidence that, but for the alleged errors, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. See R.C. 2953.23(A). Because the trial court was without jurisdiction to entertain Defendant's petition, it was not required to make findings of fact and conclusions of law in accordance with R.C. 2953.21(G). State v. Childs (Feb. 17, 2000), Summit App. No. 19757, unreported, at 4. Defendant's argument is not well taken.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ BETH WHITMORE
BATCHELDER, P. J., BAIRD, J., CONCUR.